# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MONTANA

# MISSOULA DIVISION

| | |
|---|---|
| RUSSELL SCOTT AVERY,<br><br>Plaintiff,<br><br>vs.<br><br>EXTRADITION TRANSPORT OF AMERICA,<br><br>Defendant. | Cause No. CV 11-00153-M-DWM-JCL<br><br>FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

At issue is whether default judgment should be entered against Defendant Extradition Transport of America. Defendant was served with a copy of the Summons and Complaint by the United States Marshals Service on April 30, 2012. (Dkt. 14). Defendant did not appear or file an Answer and the Clerk of Court entered default on July 11, 2012. (Dkt. 16).

A district court must consider the following factors before exercising its discretion to award a default judgment:

> (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to

1

excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). In its prior Order, the Court found that the first, third and sixth factors have been met in this case. (Dkt. 20, p. 2). In addition, there is no indication that Defendant's default is due to excusable neglect or that the material facts are subject to dispute since Defendant has not presented a defense or otherwise communicated with the Court. Furthermore, even though strong public policy favors decisions on the merits, *Pena v. Seguros La Comercial, S.A.*, 770 F.2d 811, 814 (9th Cir. 1985), it does not appear that litigation of the merits will be possible due to Defendant's refusal to litigate.

The factual basis of Avery's substantive claim is as follows: Avery was arrested in Iowa on a warrant issued out of the Missoula County Justice Court for felony sexual intercourse without consent and felony sexual assault. On September 29, 2011, Avery was transported from Algona, Kossuth County, Iowa to the Missoula County Detention Center by Defendant Extradition Transport of America. Avery arrived at the Missoula County Detention Center on October 6, 2011.

During the eight-day transport Avery was shackled continuously. He was

not given an opportunity to shower, was not given proper hygiene, and was denied access to a restroom for up to eight hours at a time. On or about October 4, 2011, Avery and the other five inmates being transported were told to urinate in water bottles. (Dkt. 2, p. 4).

The transport did not stop at any jail or other related facility to allow an opportunity for shower, sleep, or rest until October 5, 2011. On that date, an inmate escaped out of the van in North Dakota and Avery and the other inmates were transported to a jail until 8:00 a.m. the next day. While at the jail, they were allowed to shower and sleep. (Dkt. 2, p. 4).

Avery contends that as a result of these incidents he has scars on his wrists and ankles and that the pain was "terrible beyond description." (Dkt. 21-1). He also suffered stress, anxiety, and mental anguish. (Dkt. 21-1).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the United States Constitution or the laws of the United States was violated, and (2) that the violation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). Although Defendant is a private company, it was performing an "exclusive government function," something it could not have done without authorization from the state. *See Lugar v.*

*Edmondson Oil Co.*, 457 U.S. 922, 939 (1982).  Therefore, it will be presumed that Defendant was operating as a state actor in this situation.  *See also Correctional Services Corp. v. Malesko*, 534 U.S. 61, 71 n. 5 (2001) ("state prisoners . . . already enjoy a right of action against private correctional providers under 42 U.S.C. § 1983").[1]

It will also be presumed that Avery was a pretrial detainee at the time of transport, therefore his claims arise under the Fourteenth Amendment to the United States Constitution.  "[E]ven though the pretrial detainees' rights arise under the Due Process Clause, the guarantees of the Eighth Amendment provide a

---

[1] Various district courts have allowed plaintiffs to proceed in claims brought pursuant to § 1983 against private corporations that provide prison transport services.  *See, e.g., Schilling v. TransCor America,* LLC, 2008 WL 3463510 (N.D. Cal. Aug. 11, 2008)(allowing constitutional claims against private transport company to proceed without deciding state action issue); Dailey *v. Hunter*, No. 04-392, 2006 WL 4847739 (M.D.Fla. March 22, 2006) (plaintiff sufficiently pleaded that the defendant transport company acted under color of state law for § 1983 purposes based on the transport company's alleged contract for prisoner transportation with county jail); *Irons v. TransCor America, Inc.*, No. 01-4328, 2006 WL 618856 (E.D.Pa. March 9, 2006) (denying summary judgment in § 1983 action because there existed a genuine issue of material fact as to whether the defendant transport company was a state actor since private prison companies obtain custody over prisoners only by way of state authorization and plaintiff established that "defendants exercised control over him comparable to incarceration"); *Wine v. Dep't of Corrs.*, No. 00-C-704-C, 2000 WL 34229819 (W.D.Wis. Dec. 27, 2000) (finding that it would be inappropriate to dismiss transport company as a defendant in § 1983 action because plaintiff had alleged facts sufficient to proceed against the transport company as a state actor).

4

minimum standard of care for determining their rights." *Oregon Advocacy Center v. Mink*, 322 F.3d 1101, 1120 (9th Cir. 2003). The Eighth Amendment's prohibition of cruel and unusual punishment requires that prison officials take reasonable measures for the safety of inmates. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). An official violates the Eighth Amendment only when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious, and (2) the official is, subjectively, deliberately indifferent to the inmate's safety. *Id.* at 834. "[O]nly those deprivations denying 'the minimal civilized measure of life's necessities,' are sufficiently grave to form the basis of an Eighth Amendment violation." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991) (citation omitted).

To determine whether an Eighth Amendment violation has occurred, a court should consider the circumstances, nature and duration of a deprivation of these necessities. *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000) (referring to necessities such as adequate shelter, food, clothing, sanitation, medical care, and personal safety); *see also Hoptowit v. Ray*, 682 F.2d 1237, 1258 (9th Cir. 1982) ("in considering whether a prisoner has been deprived of his rights, courts may consider the length of time that the prisoner must go without these benefits ... The longer the prisoner is without such benefits, the closer it becomes to being an

5

unwarranted infliction of pain.").

Here, Avery testified that he was shackled continuously and deprived of adequate sleeping facilities, restroom facilities, and showers for at least six days. Given the duration of these deprivations, the Court finds that Defendant Extradition Transport was deliberately indifferent to Avery's safety and he was denied "the minimal civilized measure of life's necessities." *Wilson*, 501 U.S. 298. Avery's well-pleaded allegations regarding liability, which are taken as true in light of the Clerk's entry of default, are sufficient to entitle Avery to damages.

The Court should enter default judgment.

Avery seeks $750,000.00 in damages. Upon entry of default the factual allegations of the Complaint, except those relating to the amount of damages, are taken as true. *Geddes v. United Financial Group*, 559 F.2d 557, 560 (9th Cir. 1977). "It is a familiar practice and an exercise of judicial power for a court upon default, by taking evidence when necessary or by computation from facts of record, to fix the amount which the plaintiff is lawfully entitled to recover and to give judgment accordingly." *Pope v. United States*, 323 U.S. 1, 12 (1944). While the Court finds that default judgment is appropriate, the amount of damages sought is not supported by the evidence. The Court concludes that an award of $75,000.00 is appropriate.

Accordingly, the Court issues the following:

**RECOMMENDATION**

Default judgment should be granted in favor of the Plaintiff in the amount of $75,000.00.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to these Findings and Recommendations within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing. Any such filings should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

Any objections must itemize each factual finding to which objection is made and identify the evidence in the record relied upon to contradict that finding. In addition, the parties must itemize each recommendation to which objection is made and set forth the authority relied upon on to contradict that recommendation.

Failure to assert a relevant fact or argument in objections to these Findings and Recommendations may preclude the parties from relying on that fact or argument at a later stage of the proceeding. A district judge will make a de novo determination of those portions of the Findings and Recommendations to which

objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 28th day of November, 2012.

/s/ Jeremiah C. Lynch
Jeremiah C. Lynch
United States Magistrate Judge