

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | | |
|---|---|---|
| RUSSELL SCOTT AVERY, | ) | CV 11-153-M-DWM-JCL |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | ORDER |
| | ) | |
| EXTRADITION TRANSPORT OF AMERICA, | ) ) | |
| | ) | |
| Defendant. | ) ) | |

Russell Scott Avery sues Extradition Transport of America for alleged injuries that he suffered when he was transported from Iowa to the Missoula County Detention Center. Avery served his complaint on Extradition Transport, but Extradition Transport did not file an answer or otherwise respond. Judge Lynch issued his Findings and Recommendation, recommending a default judgment and award of damages in the amount of $75,000.00 Extradition Transport did not file any objections to that recommendation.

The Court issued an order on January 4, 2013, agreeing with Judge Lynch's conclusion that default judgment should be entered against Extradition Transport and that, construing the facts in Avery's favor, Extradition Transport violated Avery's Eighth Amendment rights. The Court, though, ordered an evidentiary

1

hearing on damages. That hearing was held on February 7, 2013.

Avery appeared pro se at the hearing by video from the Montana State Prison. No representative for Extradition Transport appeared.

The Court asked Avery to describe his trip from Iowa to Missoula, which took place from September 29, 2011, to October 6, 2011. Avery stated that Extradition Transport kept him and the other detainees tightly shackled with ankle, wrist, and belly chains for more than eight hours at a time. Avery claims those shackles were tightened throughout the course of the trip. He and the others complained about the tightness of the shackles, but the restraints were not loosened. Avery said he was shackled continuously for six days.

Over the course of that six days, Avery stated that he was refused restroom breaks and had to urinate in a water bottle. Avery claims that he and the others were forced to stay in the van day and night and were forced to sleep in it. They were not allowed out of the van to exercise, stretch, or walk around. And they were not given an opportunity to shower or allowed proper hygiene. Avery and the others protested about not having any bathroom breaks, but the drivers allegedly told them they had no choice.

In his pleadings, Avery stated they stopped at a jail on October 5, 2001, where, for the first time, they were allowed to shower and sleep outside the van.

As a result of this treatment, Avery claims to have suffered mental and emotional distress, stress, and anxiety. Avery described the physical pain he suffered from the shackles as "terrible beyond description."

The Court asked Avery why he believed $750,000.00—the amount of damages he asks for—is an appropriate award. Avery said that amount is simply a starting point for a reasonable damage award.

Judge Lynch recommends an award of $75,000.00. In light of the pleadings and Avery's testimony, that is a reasonable award. The Court finds that Avery suffered physical pain, as well as mental and emotional distress, that violated his Eighth Amendment right to be free from cruel and unusual punishment. Extradition Transport treated Avery in a humiliating, shameful, and embarrassing manner. They have not appeared and there is, therefore, no evidence rebutting Avery's allegations. Default judgment in the amount of $75,000.00 is reasonable and appropriate.

IT IS ORDERED that Judge Lynch's Findings and Recommendations (doc. 22) is ADOPTED IN FULL. The Clerk of Court is directed to enter default judgment in favor of Russell Scott Avery and against Extradition Transport of America in the amount of $75,000.00.

IT IS FURTHER ORDERED that the Clerk of Court shall mail two certified

copies of the judgment to Avery and close this case.

Dated this 7th day of February 2013.

/s/ Donald W. Molloy
Donald W. Molloy, District Judge
United States District Court