
FILED
MAY 14 2014
Clerk, U.S District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| RUSSELL SCOTT AVERY,<br><br>Plaintiff,<br><br>vs.<br><br>EXTRADITION TRANSPORT OF AMERICA,<br><br>Defendant. | Cause No. CV 11-00153-M-DWM-JCL<br><br>ORDER |

Pending is Plaintiff Scott Avery's Motion for Order for Writ of Garnishment or Execution. (Doc. 33.) By way of background, default judgment in the amount of $75,000.00 was issued in favor of Avery on February 7, 2013 and this matter was closed. (Doc. 29.) Avery is incarcerated at the Montana State Prison in Deer Lodge, Montana. He obtained the default judgment proceeding pro se. Counsel filed a Notice of Appearance on June 6, 2013 but the current motion was filed by Avery, pro se.

Federal Rule of Civil Procedure 69(a)(1) provides:

> A money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies.

1

Thus, the procedure to execute a federal court judgment "shall be in accordance with the practice and procedure of the state in which the district court is held, existing at the time the remedy is sought, except that any statute of the United States governs to the extent that it is applicable." *Paul Revere Ins. Group v. United States*, 500 F.3d 957, 960 (9th Cir. 2007) (citation and quotation marks omitted). Therefore, the procedure to execute Avery's judgment in Montana is governed by Montana state law.

Mont. Code Ann. § 27-18-301 provides that a writ of execution "must be directed to the sheriff of any county in which property of the defendant may be located . . ." Thus, Montana law clearly contemplates execution only against property within the state. "A party seeking to enforce a Federal judgment does not have unbridled discretion in choosing the forum. An action to enforce a Federal judgment can be pursued successfully only in a State in which the property or other assets are located or where the person against whom the judgment has been entered can be located." *In re McAllister*, 216 B.R. 957 (N.D. Ala. 1998)(*quoting Budish v. Daniel*, 417 Mass. 574, 631 N.E.2d 1009, 1012 (1994).

Defendant Extradition Transport of America is a company located in California. There has been no indication in any of the filings in this case that Defendant has any property located in the State of Montana. In addition, Avery

2

has provided no description of the property he seeks to levy. To the extent Avery believes Defendant has property in Montana upon which he can levy, he may refile his motion specifically designating the property to be levied.

As Avery is aware, he may pursue enforcement of his judgment in the state of California where Defendant Extradition Transport is located. 28 U.S.C. § 1963 provides,

> A judgment in an action for the recovery of money or property entered in any court of appeals, district court, bankruptcy court, or in the Court of International Trade may be registered by filing a certified copy of the judgment in any other district or, with respect to the Court of International Trade, in any judicial district, when the judgment has become final by appeal or expiration of the time for appeal or when ordered by the court that entered the judgment for good cause shown. Such a judgment entered in favor of the United States may be so registered any time after judgment is entered. A judgment so registered shall have the same effect as a judgment of the district court of the district where registered and may be enforced in like manner.

This section is used when a judgment cannot be satisfied in the district where the judgment was originally entered because the defendant does not have property in that district, but the judgment can be enforced in some other district where the defendant does have property.

Avery registered the judgment entered in this matter in – and obtained a Writ of Execution from – the United States District Court for the Central District of California. *See Avery v. Extradition Transport of America*, CV-5:13-mc-

3

00012-UA (C.D.Cal.), Doc. 3 filed February 25, 2014. Avery's motion asks for execution on Defendant's wages or property. As these are located in California, he must pursue satisfaction of the judgment in California and in accordance with California law.

Avery also asks for assistance on locating the individuals' houses and bank accounts and to seize those until judgment is paid in full. The Court, however, will conduct not discovery for Avery. Rule 69(2) of the Federal Rules of Civil Procedure provides: "In aid of the judgment or execution, the judgment creditor or a successor in interest whose interest appears of record may obtain discovery from any person--including the judgment debtor--as provided in these rules or by the procedure of the state where the court is located." Therefore, Avery may obtain discovery under either the Federal Rules of Civil Procedure or the state law where his judgment is registered.

Based on the foregoing, the Court issues the following:

### ORDER

Avery's Motion for an Order for a Writ of Garnishment or Execution (Doc. 33) is DENIED.

DATED this 15th day of May, 2014.

_Jeremiah C. Lynch_
Jeremiah C. Lynch
United States Magistrate Judge